# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:17-CV-00084-RJC-DSC

| | |
|---|---|
| WILSON TRUCKING CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| IMAAN INTERNATIONAL, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on "Defendant Global Electronic Recycling's Motion to Dismiss [for Lack of Personal Jurisdiction pursuant to] Rule 12(b)(2)" (document #26). In its response brief, Plaintiff requests an opportunity to conduct jurisdictional discovery. Document #29 at 4.

District Courts have broad discretion to allow jurisdictional discovery pursuant to Rule 26 of the Federal Rules of Civil Procedure. Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 64 (4th Cir. 2003). Where the issue of personal jurisdiction is unclear, the Court may order discovery directed towards personal jurisdiction issues alone. See e.g., SAS Institute Inc. v. World Programming Ltd., 2011 WL 1059139, *5-*7 (E.D.N.C. Mar. 18, 2011) (allowing jurisdictional discovery and noting request for jurisdictional discovery typically should be granted "unless plaintiff's claim appears to be clearly frivolous") (quoting Rich v. KIS California, Inc., 121 F.R.D. 254, 259 (M.D.N.C. 1988) (allowing jurisdictional discovery) and citing 4 J. MOORE, J. LUCAS & G. GROTHER, MOORE'S FEDERAL PRACTICE, § 26.56(6) (2d ed. 1987)); Howard Acquisitions,

<u>LLC v. Giannasca New Orleans, LLC</u>, 2010 WL 889551 at *7 (D. Md. Mar. 5, 2010) (allowing jurisdictional discovery).

Applying those legal principles, the Court concludes that Plaintiff is entitled to conduct limited jurisdictional discovery as outlined below. The jurisdictional facts are disputed here, but should be easily clarified through limited discovery. Accordingly, the Court will deny administratively Defendant's Motion to Dismiss without prejudice to its right to renew the Motion following completion of jurisdictional discovery.

**IT IS HEREBY ORDERED** that:

1. The parties shall conducted limited jurisdictional discovery with a deadline of June 30, 2017. Discovery shall be confined to personal jurisdiction issues related to Defendant Global Electronic Recycling's knowledge, purposefulness and intent in placing the battery shipment into the stream of commerce resulting in the loss alleged herein.

2. "Defendant Global Electronic Recycling's Motion to Dismiss [for Lack of Personal Jurisdiction pursuant to] Rule 12(b)(2)" (document #26) is **DENIED ADMINISTRATIVELY WITHOUT PREJUDICE** to its right to renew the Motion following completion of jurisdictional discovery.

The Clerk is directed to send copies of this Order to counsel for the parties, including but not limited to moving counsel; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**.

Signed: April 28, 2017

David S. Cayer
United States Magistrate Judge